IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY N. FENNELL<br>Y19999,<br><br>   Plaintiff,<br><br>vs.<br><br>MIKE DICKSON, and<br>DR. BLANKENSHIP,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 17−cv−00961−JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

  Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at Graham Correctional Center. Plaintiff brings claims pertaining to his arrest and subsequent detention at the Madison County Jail. In connection with his claims, Plaintiff names Mike Dickson (Captain, Madison County Sheriff's Dept.) and Dr. Blankenship (Physician, Madison County Jail).

  This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

>  (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>  (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune
> from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

The "Madison County Sherriff's Department" arrested Plaintiff on September 10, 2015. (Doc. 1, p. 5). Approximately 35-40 days prior to being arrested, Plaintiff had surgery performed on his knee. *Id.* The surgery was necessary because Plaintiff had been shot and part of his kneecap was "blown off." *Id.* Because of the injury and recent surgery, Plaintiff was using crutches at the time of his arrest. *Id.* Plaintiff contends that when he was arrested, his crutches were taken and he was forced to walk on his injured leg. *Id.*

After arrest, Plaintiff was detained at the Madison County Jail. *Id.* Plaintiff contends his rights were violated at the jail because he could not see his knee surgeon, did not receive proper pain management, and did not receive "any proper medical attention." *Id.*

### Discussion

The Complaint suggests that Plaintiff is attempting to assert two Eighth Amendment claims for deliberate indifference. The first claims pertains to arresting officers not allowing Plaintiff to use his crutches at the time of arrest, resulting in Plaintiff walking on an injured leg.

2

The second claim pertains to allegedly inadequate medical care for Plaintiff's injured knee when Plaintiff was a pretrial detainee at the Madison County Jail. The alleged facts fall short of stating a claim for deliberate indifference. The fact that Plaintiff was not allowed to use his crutches, during an arrest, standing alone, does not suggest deliberate indifference. Further, the threadbare allegations pertaining to inadequate pain management and/or care while detained are insufficient to state a claim for deliberate indifference.

The Complaint also fails to associate specific defendants with specific claims. Dickson and Blankenship are identified as defendants in the case caption and list of defendants. However, with the exception of their job descriptions (describing Dickson as "the captain of the force that arrested me" and Blankenship as "the doctor overseeing my medical attention"), no mention of these individuals is made in the body of the Complaint.

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik–Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir.1994). *See also Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir.2001)) ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' "). Accordingly, a Section 1983 plaintiff must make allegations that associate specific defendants with specific claims so the defendants are put on notice of the claims brought against them and can properly answer the complaint. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.2003). Said differently, a Section 1983 plaintiff cannot state a claim against a defendant merely by including the defendant's name in the caption. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiff has not asserted any claims suggesting that

either Defendant was personally involved in an alleged constitutional deprivation.

Considering the above, the Complaint fails to state a claim upon which relief can be granted. Accordingly, the Complaint shall be dismissed without prejudice. However, Plaintiff will be granted leave to file an amended pleading.

### Motion to Appoint Counsel

The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.[1] When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff states that he has written to seven attorneys, but has not received any replies. With this minimal information, the Court cannot discern if the first requirement has been met. Plaintiff has not provided any information pertaining to the second inquiry. Nonetheless, Plaintiff's pleadings indicate he is capable of coherently stating the relevant facts. At this

---

[1] There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to include more factual content regarding his claims. Plaintiff alone has knowledge of these facts. No legal training or knowledge is required to set them down on paper and there is presently no indication that Plaintiff's mental status prevents him from relaying these facts.

Therefore, recruitment of counsel is not warranted at this time and the Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice. The Court will remain open to appointing counsel as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted**.**

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 23, 2017**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e*. 17-cv-961-JPG).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail

Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 25, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**