# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY N. FENNELL Y19999, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17−cv−00961−JPG |
| vs. | ) ) |
| MIKE DICKSON, DR. BLANKENSHIP, JOHN DOE 1, and JOHN DOE 2, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at Graham Correctional Center. Plaintiff brings claims pertaining to his arrest and subsequent detention at the Madison County Jail ("Jail"). In connection with his claims, Plaintiff names Mike Dickson (Captain/Detective, Madison County Sheriff's Dept.), Dr. Blankenship (Physician, Madison County Jail), John Doe 1 (Unnamed Madison County Deputy), and John Doe 2 (Unnamed Madison County Correctional Officer).

This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The First Amended Complaint

On September 10, 2015, following a traffic stop, Plaintiff was arrested by John Doe 1. (Doc. 10, p. 5). At the time of his arrest, Plaintiff was using crutches because he had recently undergone "major surgery" on his left patella. *Id.* Plaintiff was under strict instructions to not place any weight on the injured leg because doing so could cause irreparable damage. *Id.* Additionally, his surgeon had prescribed pain medication and antibiotics for the injured leg. *Id.* Although Plaintiff relayed this information to John Doe 1, he did not allow Plaintiff to use his crutches. *Id.* Instead, he told Plaintiff, "Just lean on me." *Id.*

Plaintiff was then transported to the Madison County Jail. *Id.* Plaintiff claims that after arriving at the Jail, he spoke with Captain Dickson. *Id.* He told Captain Dickson about his recent surgery and explained why he needed his crutches. *Id.* Captain Dickson told Plaintiff he did not care about his surgery or about his injury. *Id.* He also told Plaintiff that he would regret

it if he did not find a way to walk to the interview room without his crutches. *Id.* Accordingly, Plaintiff "hobbled" to the interview room, experiencing excruciating pain. *Id.*

Plaintiff next explained his situation to John Doe 2 and asked for his crutches. *Id.* John Doe 2 stated, "You made it to the interview room without them, you're fine without them, you think you can walk for a Captain and not walk for me, you can either walk or crawl I don't care." *Id.* Plaintiff then asked John Doe 2 to contact his surgeon. John Doe 2 refused and said "if you can't walk then crawl." *Id.*

Several days after arriving at the Jail (between 3 and 7 days according to Plaintiff), Plaintiff met with Dr. Blankenship. *Id.* Plaintiff told Dr. Blankenship (1) about his recent surgery; (2) that he was in excruciating pain; (3) that he was being denied prescribed medication (pain medication, antibiotics, and "psych meds"); and (4) that he was being denied use of his crutches. (Doc. 10, p. 5). Plaintiff also showed Dr. Blankenship his surgical incision, which was still covered with a fresh dressing/bandage and asked Dr. Blankenship to contact his surgeon. (Doc. 10, pp. 5-6). Dr. Blankenship told Plaintiff to stop complaining and further stated as follows:

> I don't need anyone telling me my job, not you, not your doctor, besides we only treat life threatening issues, you came in this way it's not my problem, if you wanted medical care you should have not got arrested.

(Doc. 10, p. 6).

Plaintiff claims that, as a result of Defendants conduct, he suffered unnecessarily and has long-term, if not permanent, damage to his left knee. *Id.* He claims that the Defendants violated his constitutional rights as well as the Americans with Disabilities Act and seeks monetary damages. (Doc. 10, pp. 6-7).

## Designation of Counts

**Count 1:** Claim against Dickson, John Doe 1, and John Doe 2 for their response to Plaintiff's medical needs, including refusing to allow Plaintiff to use his crutches.

**Count 2**: Claim against Blankenship for providing Plaintiff with inadequate medical care.

**Count 3**: Defendants disregarded Plaintiff's disability, in violation of the Americans with Disabilities Act and the Rehabilitation Act.

## Applicable Legal Standard

Before screening Plaintiff's constitutional claims, the Court must first consider what legal standard applies. The applicable standard depends on Plaintiff's status as an arrestee, pretrial detainee, or convicted prisoner on the date of the alleged constitutional deprivations. *Collins v. Al-Shami,* 851 F.3d 727, 731 (7th Cir. 2017). The Fourth Amendment applies to the period of confinement between a warrantless arrest and the probable-cause determination; the Due Process Clause of the Fourteenth Amendment governs after the probable-cause determination has been made; and the Eighth Amendment applies after a conviction." *Id.* (citations omitted).

It is unclear whether Plaintiff was an arrestee or pretrial detainee at the time of the alleged constitutional violations. It is also possible that Plaintiff was an arrestee with respect to Count 1, but a pretrial detainee with respect to Count 2 (involving alleged violations occurring 3 to 7 days after Plaintiff was arrested).

If Plaintiff was an arrestee, the Fourth Amendment's objective reasonableness standard governs his claims against the officers who denied him access to his crutches. *See Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011) (Fourth Amendment prohibits police officers from unreasonably withholding access to care for an arrestee's medical need). The objective

4

reasonableness standard would also apply to Plaintiff's claims pertaining to inadequate medical care. *See Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) ("objectively reasonable" standard applies to medical care claims brought by arrestees who have not yet had a probable cause hearing).

If Plaintiff was a detainee, his claims derive from the Fourteenth Amendment's guarantee of due process. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). In the past, the Seventh Circuit applied the deliberate-indifference standard derived from the Eighth Amendment to Fourteenth Amendment inadequate medical care claims. *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). The deliberate indifference standard "includes both an objective and subjective component and thus is more difficult to satisfy than its Fourth Amendment counterpart, which requires only that the defendant have been objectively unreasonable under the circumstances." *Id.* (citations omitted). The propriety of applying this more stringent standard to Fourteenth Amendment claims was recently called into question by *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015), "which applied a purely objective standard to a detainee's excessive-force claim without regard to any subjective component." *Smego v. Jumper*, 707 F. App'x 411, 412 (7th Cir. 2017) (citing *Collins*, 851 F.3d at 731). However, *Kingsley* was an excessive force case, and the Seventh Circuit has not decided whether the objective reasonableness standard applies to cases involving inadequate medical care. *See Collins*, 851 F.3d at 731 (expressly declining to resolve the issue); *Smego*, 707 F. App'x at 412 (same).

In the instant case, at screening, the Court need not resolve (1) whether Plaintiff was an arrestee or pretrial detainee at the time of the alleged constitutional violations or (2) whether, if Plaintiff was a detainee, the standard applicable to Plaintiff's medical claims. This is because, as is set forth more fully below, the Court finds that Count 1 (as to Dickson and John Doe 2) and

5

Count 2 (as to Blankenship) survive under the more-demanding deliberate indifference standard, and the Court finds that Count 1 (as to John Doe 1) fails to state a claim under the less-demanding objective reasonableness standard.

**Count 1**

To establish a constitutional violation under § 1983, a plaintiff proceeding under the more-demanding deliberate indifference standard "must show that his medical condition was objectively serious." *Pitttman ex rel. Hamilton v. Cty. Of Madison, Ill.,* 746 F.3d 766, 775 (7th Cir. 2014). Additionally, "the plaintiff must show that the defendant officials had a sufficiently culpable state of mind—that their 'acts or omissions [were] sufficiently harmful to evidence deliberate indifference' to his serious medical needs." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Applying this standard, the Court finds that Plaintiff has alleged a plausible deliberate indifference claim as to Dickson and John Doe 2. First, the alleged medical condition, a recent major surgery (which necessitated the use of crutches to avoid permanent injury, was causing ongoing pain, and/or presented a risk of infection) suggests an objectively serious condition. Plaintiff claims that he informed Dickson and John Doe 2 about his medical condition. Nonetheless, both defendants refused to allow Plaintiff to use his crutches, directing him to find a way to crawl or walk with the threat of "or else." Plaintiff claims that he complied with their directives, and as a result, suffered excruciating pain and further injury to his leg. This is sufficient, at the pleading stage, to allow Count 1 to proceed as to Dickson and John Doe 2 (regardless of which standard ultimately controls this claim).

Plaintiff's claim as to John Doe 1 is another story. Plaintiff alleges that John Doe 1 did not allow him to use his crutches at the time of his arrest. However, unlike Dickson and John

Doe 2, John Doe 1 did not force Plaintiff to put weight on his injured leg by ordering him to walk or crawl unassisted. Instead, John Doe 1 heeded Plaintiff's concerns and provided Plaintiff with assistance by allowing Plaintiff to lean on him when walking. Even under the les-demanding objective unreasonableness standard, these allegations do not state a viable claim.[1] Accordingly, Count 1 shall be dismissed without prejudice as to John Doe 1 for failure to state a claim upon which relief may be granted.

**Count 2**

Plaintiff alleges that he advised Dr. Blankenship about his surgical history and his current pain. He also claims he told Dr. Blankenship he was being denied necessary medication and the use of his crutches. The Complaint suggests that Dr. Blankenship ignored Plaintiff's requests for medical treatment and/or did not provide Plaintiff with medical treatment. This is sufficient to allow Count 2 to proceed as to Dr. Blankenship under either the deliberate indifference standard or the objective unreasonableness standard. Accordingly, Count 2 shall receive further review as to Dr. Blankenship.

**Count 3**

The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 et seq., prohibits discrimination against qualified individuals based on their physical or mental disability (including a failure to accommodate a disability), as does the Rehabilitation Act, 29 U.S.C. §§ 794–94e. Thus, the Court has *sua sponte* construed the First Amended Complaint as including identical claims under the ADA and the Rehabilitation Act relative to Defendants refusal to allow Plaintiff to use his crutches. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012)

---

[1] Whether officers acted reasonably is determined by four factors: (1) the seriousness of the arrestee's medical needs; (2) whether the officer noticed the arrestee's need for medical treatment; (3) the scope of any requested treatment; and (4) police interests. *Ortiz v. City of Chi.*, 656 F.3d 523, 530 (7th Cir. 2011) (citing *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007)).

(adding a Rehabilitation Act claim to a *pro se* pleading is appropriate based on the factual claims, even though the legal theory had not been pleaded); *see also Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012).

The only proper defendant in a claim under the ADA or Rehabilitation Act is the state agency (or a state official acting in his or her official capacity). "[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131." *Jaros*, 684 F.3d at 670 (additional citations omitted). Thus, in the instant case, the only proper defendant would be the municipal entity associated with the Madison County Jail (possibly, the Madison County Sheriff's Department) or an appropriate municipal official in his or her official capacity. *See Burton v. Lacy*, No. 1:07–CV–918, 2008 WL 187552, at *5 (S.D. Ind. Jan. 18, 2008) (concluding that "it makes no difference whether the named party is the 'Sheriff's Department,' the 'Office of the Sheriff,' or the 'Sheriff in his Official Capacity' " because "[s]uing an officer in his or her official capacity is no different than suing the municipal entity").

Plaintiff did not name an appropriate municipal entity or official capacity defendant, and the Court will not add such a party. *See Myles v. United States*, 416 F.3d 551 (7th Cir. 2005). In order to make someone a party, Plaintiff, not the Court, must name them in the case caption. *See Myles*, 416 F.3d at 551-52 (citing FED. R. CIV. P. 10(a) ("In the complaint, the title of the action shall include the names of all the parties")). The Court will not undertake the task of deciding who Plaintiff sues. The Court leaves this decision to Plaintiff. Accordingly, Count 3 shall be dismissed without prejudice.

### Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 1 against John Doe 2 (Unnamed Madison County Correctional Officer). This Defendant must be identified with particularity before service of the First Amended Complaint can be made on him. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim against them but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery, including identification of an appropriate official capacity defendant to respond to discovery aimed at identifying the unknown Defendant, will be set by the United States Magistrate Judge. Once the name of the unknown Defendant is discovered, Plaintiff shall file a motion to substitute the newly identified Defendant in place of the generic designations in the case caption and throughout the First Amended Complaint.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **DICKSON** and **JOHN DOE 2**. **COUNT 1** is **DISMISSED** without prejudice as to **JOHN DOE 1** for failure to state a claim upon which relief may be granted, and the Clerk of the Court shall terminate this individual as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review as to **BLANKENSHIP**.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **2,** the Clerk of Court shall

prepare for Defendants **DICKSON, JOHN DOE 2,** and **BLANKENSHIP**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the unknown Defendant until he has been identified by name in a properly filed motion for substitution of parties.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 1, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**