UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONY N. FENNELL,

    Plaintiff,

v.

MIKE DICKSON *et al.*,

    Defendants.

Case No. 3:17-cv-00961-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Tony Fennell shot himself in the leg. A doctor patched him up and gave him a knee brace, and Fennell continued on. But one day, the police stopped Fennell while he was driving and arrested him on a charge of solicitation for murder, and then took him to the sheriff's department for booking and questioning. And while at the department, Fennell allegedly told a few officials that they needed to provide him with a pair of crutches because of his injured leg, but nobody did. So for that, Fennell sued his interviewer at the station and a John Doe for a violation of the Fourteenth Amendment's due process clause.

The defendants later moved for summary judgment, and Magistrate Judge Reona J. Daly has issued a Report and Recommendation advising the Court to grant that motion. (ECF Nos. 31, 35.) The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in her Report. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the Report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, as the Report explains in detail, Fennell's claim against his interviewer—Mike Dixon, erroneously identified as Mike "Dickson" in the complaint—fails because Dickson was not involved in Fennell's booking process. Moreover, Fennell's claim against the John Doe defendant also fails because he did not timely identify who this person was in accordance with this Court's scheduling order and order to show cause—entered almost one year ago. (*See generally* ECF No. 35.) This all withstands a *de novo* review.

And finally, even though Fennell did not respond to the defendants' motion for summary judgment, he recently filed a motion asking for an extension of 90 days so that he could recruit counsel for himself. (ECF No. 36.) The Court cannot grant that request. Fennell's case does not withstand even a *de novo* review of the issues here; an attorney could not rectify that; and even when viewing Fennell's request in light of his failure to identify the John Doe defendant, Fennell's request is far too belated at this juncture to warrant any extensions. For these reasons, the Court **ADOPTS** the Report in its entirety (ECF No. 35), **GRANTS** the defendants' motion for summary judgment (ECF No. 31), **DENIES** Fennell's motion for an extension of time (ECF No. 36), and **DIRECTS** the Clerk of Court to enter judgment in favor of the defendants.

**IT IS SO ORDERED.**

**DATED: JULY 31, 2019**

            **s/ *J. Phil Gilbert***
            **J. PHIL GILBERT**
            **U.S. DISTRICT JUDGE**